**Jorge E. ESPINOZA, Silvia Espinoza, individually and on behalf of a class similarly situated, Plaintiffs–Counter Defendants–Appellants,**

v.

**COUNTRYWIDE HOME LOANS SERVICING, LP, other, BAC Home Loans Servicing, L.P., Mortgage Electronic Registration Systems, Inc., Bank of America, N.A., Fannie Mae, Defendants–Counter Claimants–Appellees,**

No. 14–13933

United States Court of Appeals, Eleventh Circuit.

(September 26, 2017)

Jorge E. Espinoza, Miami, FL, pro se.

Silvia Espinoza, Individually and on Behalf of a Class Similarly Situated, Miami, FL, pro se.

Alejandro Raul Alvarez, Phillip Edward Holden, The Alvarez Law Firm, Coral Gables, FL, Phillip Edward Holden, for Plaintiffs–Counter Defendants–Appellants.

Dora Faye Kaufman, James Randolph Liebler, Liebler Gonzalez & Portuondo, Miami, FL, Joshua Robert Levine, Baker Donelson Bearman Caldwell & Berkowitz, PC, Fort Lauderdale, FL, Douglas E. Winter, Jed P. White, Bryan Cave, LLP, Washington, DC, Jennifer A. Jackson, Bryan Cave, LLP, for Defendants–Counter Claimants–Appellees.

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Jorge and Silvia Espinoza sought declaratory and injunctive relief preventing Countrywide Home Loans Servicing, L.P. from foreclosing on their home, arguing that because Countrywide had accelerated their mortgage in a prior, unsuccessful foreclosure action, Florida's five-year statute of limitations for such actions applied to the entire balance of their loan. We stayed this case pending the Supreme Court of Florida's resolution of this legal issue. That Court has now spoken. Applying its ruling, we determine that Countrywide's prior foreclosure action did not accelerate the payments due on the Espinozas' mortgage. The statute of limitations thus does not bar Countrywide from foreclosing on the Espinozas' home.

The Espinozas obtained a loan from Amerimortgage Bankers, LLC, to purchase a home in Miami–Dade County. Their promissory note required them to repay the loan, in monthly installments, by September 1, 2035. To secure the note, they executed a mortgage on their property, which Amerimortgage later assigned to Countrywide. The mortgage contained an optional acceleration clause allowing the holder to accelerate all amounts due and foreclose in the event of a default.

The Espinozas defaulted on their payments on August 1, 2008. On that day, Countrywide notified the Espinozas of its intent to trigger the acceleration clause unless the Espinozas cured their default by October 16, 2008. The Espinozas failed to cure, and Countrywide filed a foreclosure complaint in state court on March 26, 2009. The foreclosure action was dismissed without prejudice on September 13, 2013, due to Countrywide's failure to produce loan documents. The Espinozas remained in their home, where they continue to reside today.

In January 2014, the Espinozas filed a class action suit to quiet title against Countrywide, Amerimortgage, Bank of America, N.A., Mortgage Electronic Registration Systems, Inc. (MERS), and the Federal National Mortgage Association (FNMA) (collectively "Countrywide") in state court. They argued that Countrywide could not foreclose on their property because its 2008 notice of intent to foreclose had triggered Florida's five-year statute of limitations for such actions; they sought declaratory and injunctive relief nullifying the note and mortgage, expunging the lien from their property's title, and preventing Countrywide from collecting on payments more than five years old or reporting the Espinozas' default to credit agencies. They also sought to quiet title. Countrywide removed the case to the district court and moved to dismiss.

The district dismissed the Espinozas' second amended complaint with prejudice. The Espinozas timely appealed. After they filed their initial brief, we stayed their appeal pending the Supreme Court of Florida's resolution of *Bartram v. U.S. Bank National Ass'n*, SC14–1265. After *Bartram* was decided, we lifted the stay and ordered Countrywide to file a response brief. The Espinozas' counsel moved to withdraw, and we granted their motion.

We review *de novo* a district court's dismissal of a complaint, accepting as true all material allegations in the complaint and construing the complaint in the plaintiff's favor. *Kawa Orthodontics, LLP v. Sec'y, U.S. Dep't of Treasury*, 773 F.3d 243, 245 (11th Cir. 2014). We may affirm the district court for any reason the record supports, even one that the district court did not rely on. *Cochran v. U.S. Health Care Fin. Admin.*, 291 F.3d 775, 778 n.3 (11th Cir. 2002).

Florida has a five-year statute of limitations for "action[s] on a contract, obligation, or liability founded on a written instrument," or "to foreclose a mortgage." Fla. Stat. § 95.11(2)(b), (c). The Espinozas argue that the statute of limitations began running as to the entirety of the loan—and so bars Countrywide from foreclosing now—on either August 1, 2008, the date Countrywide notified them that it would foreclose if they did not cure their default, or March 23, 2009, the date it filed its first foreclosure action. They concede, however, that despite the fact that Countrywide threatened to trigger the acceleration clause in its notification, it did not actually do so until it filed its foreclosure complaint.

In *Bartram*, the Supreme Court of Florida said:

> [T]he statute of limitations on the balance under the note and mortgage [does] not continue to run after an involuntary dismissal [of a foreclosure action], and thus the mortgagee [is] not [ ] barred by the statute of limitations from filing a successive foreclosure action premised on a separate and distinct default. Rather, after the dismissal, the parties are simply placed back in the same contractual relationship as before, where the residential mortgage remained an installment loan, and the acceleration of the residential mortgage declared in the unsuccessful foreclosure action is revoked.

211 So.3d 1009, 1019 (Fla. 2016) (internal quotation marks omitted). This is so "regardless of whether that dismissal was entered with or without prejudice." *Id.* at 1020. In reaching this conclusion, *Bartram* cited the district court's order in this case. *Id.* (citing *Espinoza v. Countrywide Home Loans Servicing, L.P.*, No. 14-20756-CIV, 2014 WL 3845795 (S.D. Fla. Aug. 5, 2014)). Thus, under Florida law, a mortgage-lender's "acceleration of [a] loan" is not "effective before final judgment in favor of the mortgagee-lender in a foreclosure action." *Id.* at 1021.

Applying *Bartram* to the facts of this case, neither Countrywide's notice of intent to foreclose nor its prior foreclosure action that was dismissed without prejudice triggered the statute of limitations, as neither resulted in a foreclosure judgment in Countrywide's favor. *Id.* As such, the district court properly dismissed the Espinozas' complaint.

**AFFIRMED.**